## EX PARTE WILLIE JONES.

No. 11060.    Delivered June 24, 1927.

**Habeas Corpus—To Reduce Bail—Showing Insufficient.**

Where, on a writ of habeas corpus hearing to secure bail, appellant agreed with the state that bail be fixed in the sum of $12,500. Subsequently he filed another habeas corpus asking that the amount of bail be reduced, which was denied. As the record before us makes no valid showing that he was entitled to a reduction in the amount of bail, the action of the trial court is affirmed.

Appeal from the District Court of Orange County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a habeas corpus trial to secure a reduction of bail. Reduction denied.

The opinion states the case.

*F. G. Vaughn* and *Tom C. Stephenson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was indicted for the murder of one Summerville. He made application for writ of habeas corpus to the District Judge of Orange County (court being in session) for the purpose of securing bail. The writ issued and at the hearing the judge made the following entry on his docket:

"The deft. Willie Jones being produced in open court by the sheriff in response to the writ, and the state by her Co. Atty. agreeing that the offense with which the defendant is charged is a bailable one and having agreed with deft. upon bail in the sum of $12,500 and the court being satisfied, the defendant is entitled to bail in the sum of $12,500."

The evidence heard at that time, if any, upon the facts of the homicide, is not in the record. Some thirty days later while court was still in session appellant filed a motion asking for

reduction of bail, averring that he had endeavored to make the bond but had been unable to do so, and further averring that he had no friends or relatives able to become sureties and no money or property to secure the bond, and that the amount of bail theretofore fixed was unreasonable and in effect was a denial of bail.   The only evidence produced by appellant in support of his motion was upon the sole issue of his ability to make bond.   His attorney testified that he had unsuccessfully attempted to secure signers but thought he could probably make a bond in the sum of $2,000.   The father of appellant testified that he had made no effort to make bail for the reason that he had no friends or relatives able to make it.   Appellant testified that he had been in jail and was relying on his attorney to secure bail for him and that he had no money or property.   Upon this evidence the court denied appellant's motion, hence this appeal.

The state having admitted that the case was bailable we must look to the statute which governs in fixing the amount.   The nature of the offense and the circumstances under which it was committed are to be considered and the ability of accused to make bail is to be regarded.   (Subdivisions 3 and 4 of Art. 281, C. C. P.)   Appellant having agreed to bail in the sum of $12,500 must necessarily have known that under the statute referred to the question of reduction of the amount must turn upon the consideration of the facts incident to the killing as well as the ability to make bond.   His ability or lack thereof cannot alone control.   In view of the court's statement in the order originally entered that the amount of bail agreed upon was satisfactory to him it occurs to us that we must presume the court was in possession of such facts as caused him to conclude the bail required was proper.   Not having before us any evidence incident to the offense and its commission we are in no position to review the action of the court in declining to reduce the bail.

The judgment is therefore affirmed.

*Affirmed.*