EX PARTE JIM COLLINS, JACK COLLINS AND BUSTER DUNN.

No. 14390. Delivered April 29, 1931.
Reinstated May 6, 1931.
Rehearing Denied May 20, 1931.

The opinion states the case.

*John M. Mathis, Sr.,* and *Horace Soule,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the district judge denying bail. As we understood from the record as it comes here, the trial was had in vacation. When the trial is had in vacation, the statute demands that the proceedings bear the certificate of the judge. See article 857, C. C. P., also Ex parte Young, 87 Texas Crim. Rep., 128; Ex parte Townsley, 87 Texas Crim. Rep., 252; Ex parte Lozano, 88 Texas Crim. Rep., 112; Ex parte Francis, 91 Texas Crim. Rep., 398; Ex parte Walker, 117 Texas Crim. Rep., 128, 35 S. W. (2d) 1048. The record fails to show a certification by the trial judge.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The record having been duly certified by the trial judge, the appeal is reinstated.

The appellants were charged by indictment with robbery with firearms. On a habeas corpus hearing they were denied bail. This is an appeal from that judgment.

Proof of the commission of the robbery and the identity of the accused is evident. It is likewise evident that they used firearms as a bludgeon and in connection with their threats to kill the inmates of the bank in which the robbery took place to compel their submission to the wills of the accused.

No brief is before us and we are not therefore made aware of the contention of counsel for the appellants. However, we assume that reliance is had upon the fact that because no one was killed in committing the robbery, the infliction of the death penalty is improbable to a degree which would entitle the appellants to bail. There are recent precedents which would rebut such an assumption, notably Allen v. State (Texas Crim. App.), 21 S. W. (2d) 527, in which, under similar circumstances, the death penalty was assessed in the trial court and affirmed by this court.

The judgment denying bail is affirmed.

*Reinstated and judgment denying bail affirmed.*

148

LATTIMORE, Judge.—The fact that the appellants engaged in the robbery with firearms is entirely undisputed in the record. The conclusion of the trial court, based on the facts heard, is ordinarily upheld unless we believe his action in the premises an abuse of his discretion. The opinion of Presiding Judge Morrow, as evidenced by what we formerly said in this case, indicated his view that the facts justified the refusal of bail. We have carefully perused the motion and brief of appellants in this case and are of opinion that the motion for rehearing should be overruled, and it is accordingly so ordered.

The inclusion of Buster Dunn as one of the appellants, in stating the style of the case, was a clerical error.

*Overruled.*