EX PARTE SAM J. TURNER.

No. 15112. Delivered January 27, 1932.

The opinion states the case.

*Roy D. Jackson,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant is under indictment in the district court of El Paso county, wherein he is charged with forgery, and passing a forged instrument in writing. Upon the return of the indictment the

court fixed bail in the sum of $2,500. Thereafter, upon appellant's motion to reduce bail, the bail was reduced to $2,000. Later, appellant filed his application for a writ of habeas corpus, wherein it was alleged that the amount of the bail was excessive and that he was unable to furnish bond in the sum of $2,000. The court issued the writ of habeas corpus, and, upon a hearing, entered an order refusing to reduce the amount of bail below $2,000. From this order appellant has perfected his appeal.

It appears from the testimony that appellant was indicted for forging a draft in the sum of $5,000, and for passing this draft to a bank in El Paso. The bank received the draft for collection. After a Tyler bank had honored the draft, $4,500 of the amount of the sum paid thereon was withdrawn from the El Paso bank by some party, whom the state undertook to show was appellant. The state relied largely upon testimony of a handwriting expert to connect appellant with the forgery and the withdrawal of $4,500 from the El Paso bank.

Appellant is under indictment in two other cases, in one of which bail has been required in the sum of $2,000, and in the other in the sum of $500. After motion had been made in each of the cases mentioned, as well as in the present case, to reduce bail, an effort was made to make bail in each case in the amount fixed by the court. According to the testimony of a witness for appellant, he had undertaken to procure sureties for appellant, but was unable to make bond in the aggregate amount required by the court in the three cases. It appears from the testimony of this witness that appellant resides in another state, and has no property in the state of Texas, or elsewhere. Moreover, it appears that he has no relatives or friends in Texas. The testimony of this witness was to the further effect that he could procure bond for appellant in the aggregate sum of $3,000 in the three cases. It is apparently appellant's position that he is entitled to have the bail reduced in the present case and in each of the other cases in order that the aggregate amount required in the three cases will not exceed $3,000. We do not understand that the fact that appellant is under two other indictments should have operated to his advantage when he sought a reduction of bail in the present case. Under the provisions of article 281, C. C. P., bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with. The nature of the offense and the circumstances under which it was committed are to be considered. Appellant's ability or lack thereof to make bond cannot alone control, but may be regarded and proof heard thereon. Ex parte Jones, 107 Texas Crim. Rep., 438, 296 S. W., 886. Giving effect to the rules controlling, the opinion is expressed that the bail fixed by the trial judge is not excessive.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.