## EX PARTE BOYD NELSON.

No. 16720.   Delivered February 28, 1934.
Reported in 69 S. W. (2d) 126.

The opinion states the case.

*W. B. Moss*, of Sinton, and *J. W. Ragsdale*, of Victoria, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant, Andrew Scott, and Houston James were charged by complaint with robbery by the use of firearms. After an examining trial they were remanded by the magistrate to the custody of the sheriff without bail. Upon habeas corpus proceeding before the District Judge of San Patricio County on the 16th day of December, 1933, they were each granted bail in the sum of $5000.00. On the 29th day of January, 1934, in another habeas corpus hearing before the same judge they sought reduction of bail, and from the order declining to reduce the bail this appeal is prosecuted.

Upon the hearing on January 29, 1934, evidence was introduced showing that an unsuccessful effort had been made to make bond in the amount fixed by the court, and showing that if the amount should be reduced to $2500.00 or $3000.00 it was believed sureties could be secured who would furnish bail in that amount.

In determining the amount of bail, the nature of the offense, and the circumstances under which it was committed are to be considered, and the ability of accused to make bond is to be regarded. Article 281, C. C. P. The ability or lack thereof to make bond does not alone control. Ex parte Jones, 107 Texas Crim. Rep., 438, 296 S. W., 886; Ex parte Turner, 45 S. W. (2d) 1016. The facts incident to the present offense are rather fully developed in the record. Briefly, they show that about 1:30 o'clock at night the three named parties drove into a filling station at Sinton. Two of them, Nelson and Scott, got out of the car and each presented pistols at the man in charge and took all the money from the station. James remained in the car which was near the room from which the money was taken. The punishment for such offense may be death or imprisonment in the penitentiary for any term of years not less than five.

In fixing bail the court should make it "sufficiently high to give reasonable assurance that the undertaking will be complied with," and the power of the court should not "be so used as to make it an instrument of oppression." Article 281, C. C. P. Under the facts and the optional punishment allowed, we discover nothing which leads us to conclude that in refusing to reduce the amount of bail the court has in any way abused his discretion in exercising the power vested in him. See Ex parte Collins, 118 Texas Crim. Rep., 146, 38 S. W. (2d) 789, in which this court affirmed a judgment denying bail in a case of robbery by the use of firearms although no one was killed in the perpetration of the offense.

The judgment is affirmed.

*Affirmed.*