EX PARTE FRED SOLSONA.

No. 21467.   Delivered January 15, 1941.

The opinion states the case.

*Joe Burkett,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from an order of the District Court of Bexar County refusing the application of Fred Solsona to have the amount of bail required of him in the sum of $2500.00 reduced to $500.00.

The application alleges that relator was held in the custody of the sheriff upon a charge of robbery by assault; that he had been held to bail in the sum of $2500.00 and that this amount is excessive; that petitioner is a man of humble means, poor, and without friends available as sureties in such an excessive amount.

It will be presumed that the records of the case were before the court and that he acted upon all of the factors which may

be considered in fixing the amount of bail. The record contains a statement of facts which would justify a jury in finding him guilty. The appeal appears to be predicated upon the sole theory that the relator was unable to make bond in the amount of $2500.00 and that it was the duty of the court for this reason to reduce the same to an amount which he could make.

It is the duty of the court under the constitution and laws to fix a reasonable bond, and in the event the amount should be unreasonable this court would order the same reduced. (Ex parte Osborne, 75 S. W. (2d) 265.) However, it has been frequently held that the ability of the party to make bond is not the sole and only factor. The nature of the offense and the punishment which may be meted out are factors which the court should properly consider in fixing the bond. (Ex parte Jones, 107 Texas Crim. Rep. 438, 296 S. W. 886; Ex parte Nelson, 125 Texas Crim. Rep. 439, 69 S. W. (2d) 126; Ex parte Brooks, 127 Texas Crim. Rep. 535, 78 S. W. (2d) 183.) There is nothing in the record to indicate that the amount of bail is excessive, considering the charge under which he is held and the punishment which may be meted out, and, in the absence of a showing that the evidence is insufficient upon which to hold him for the crime, the amount of bail appears to be reasonable.

The judgment of the trial court is affirmed.