EX PARTE B. T. MATHEWS.

No. 23904. Delivered October 22, 1947.

*H. S. Groesbeck* and *G. C. Jackson,* both of Crystal City, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

From an order of the District Judge declining to reduce appellant's bond, and remanding him in default of bail in the sum of $10,000.00, this appeal is prosecuted.

Deceased, Mr. Dye, was operating a laundry at Kerrville, in Kerr County. Appellant and his wife had several bundles of laundry which the wife called for. She offered a check in payment which Dye refused to accept. At this time no complaint of the loss of any laundry was registered, nor any demand for credit on account of a claimed loss. Mrs. Mathews left the laundry for the purpose of getting the money to pay for the laundry, and returned with appellant. According to the testimony of a witness who was an employee in the laundry appellant was angry and fussing and complaining when he entered. It was then for the first time that a claim of credit for alleged loss of some laundry arose. Appellant began picking up the bundles of laundry and putting them in his car, and had removed all but one bundle. When he returned for it Mr. Dye refused to let him have it, and a scuffle ensued, both appellant and Mr. Dye having hold of the bundle. Mrs. Mathews got hold of the bundle and the tussle continued between her and Dye. Upon the habeas corpus hearing Mrs. Mathews claimed that Dye struck her in the face with his fist. The witness for the State testified that the only thing Dye did was to hold on to the bundle. Appellant went out to his car, secured his pistol, came back in and shot Dye.

Before indictment was returned the justice of the peace fixed appellant's bond at $10,000.00. The amount of the bond appears to have been agreed to as well as that the case was bailable. After indictment was returned the District Judge, Hon. K. K. Woodley, fixed bond at the same amount as formerly agreed on $10,000.00.

Later appellant applied for a writ of habeas corpus, claiming that the bail was excessive, and that an unsuccessful effort had been made to secure bail in that amount and that appellant could probably secure sureties on a bond from $2,500.00 to $5,000.00. After hearing the evidence as to the way the killing occurred, and the effort to make the $10,000.00 bond, the Hon. K. K. Woodley declined to reduce the bail.

It being agreed the case was bailable, the amount of bail should not be fixed at such sum as would be oppressive or result

in a denial of bail, but should be fixed at such sum as will insure the presence of appellant to answer to the indictment. His ability to make a bond is not the sole guide. The nature of the offense, and the punishment which might be assessed are to be considered. The principles controlling are discussed in the following cases. Ex parte Brooks, 127 Tex. Cr. R. 535, 78 S. W. (2d) 183; Ex parte Nelson, 125 Tex. Cr. R. 439, 69 S. W. (2d) 126; Ex parte Turner, 119 Tex. Cr. R. 149, 45 S. W. (2d) 1016; Ex parte Jones, 107 Tex. Cr. R. 438, 296 S. W. 886.

The proper amount of bail must of necessity rest largely in the discretion of the trial judge who hears the testimony, sees the witnesses, and is therefore in a much more favorable position to determine the question than this court can possibly be.

Under the facts before the trial court and exhibited here, we feel unable to say that the trial court was in error in not reducing the amount of bail.

The judgment is affirmed.