EX PARTE ALBERT E. GREER.

No. 24248. October 20, 1948.
Rehearing Granted December 15, 1948.

514

Hon. Frank Williford, Jr., Judge Presiding.

*Conrad E. Smith* and *Phil J. Montalbo,* both of Houston, for realtor.

*A. C. Winborn,* Criminal District Attorney, *E. B. Duggan* and *E. T. Branch,* Assistants Criminal District Attorney, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator sued out a writ of habeas corpus before District Judge Frank Williford, Jr., requesting that bail be allowed him under an indictment for robbery with firearms returned against him by a grand jury of Harris County. Upon a hearing thereof, relator was denied bail and he appeals to this court.

The facts here presented show a well-planned robbery in broad daylight of Mr. Hardee, a merchant, who had with him in his truck $7,500.00 recently drawn from a bank, the pursuit of Mr. Hardee, the holdup effected by the presenting of two pistols, the binding and taping of Mr. Hardee, and leaving him in a wooded spot on the Conroe Road. Hardee testified as to threats and being put in fear of his life. Upon the capture of appellant and his companions in but a few minutes after the completion of the robbery, Hardee identified the relator and his companions, also his money, watch, billfold and ring which were found on them, as well as their two pistols.

It seems to be the relator's contention that since no one was killed in this holdup, the proof is not evident that a dispassionate jury would probably inflict the penalty of death in the event of a conviction. We are cited to many cases laying down the above doctrine relative to what is meant by "when the proof is evident."

In his request for bail, we are particularly cited to the case of Ex parte Vermillion, 102 Tex. Cr. R. 590, 280 S. W. 771, wherein it is shown that the Presiding Judge of this Court at that time said:

"Having respect to the precedents, we do not feel warranted in upholding the judgment denying bail. We are aware of no case of robbery, unattended with personal injury in which a jury in this state has rendered a verdict calling for the infliction of capital punishment."

Such a statement has lost its efficacy and finds itself outmoded in the case of Allen v. State, 114 Tex. Cr. R. 79, 21 S. W. (2d) 527, wherein Allen received a death penalty for the robbery of a bank during which no shots were fired and no one was injured. The mere fact of no violence having been perpetrated save the use of the firearm to frighten and no shots being fired, cannot be used as a criterion in deciding an admission to bail as a lack of proof evident. The dicta quoted above from the Vermillion case is recognized as such by the judge writing that opinion in the later case of Ex parte Collins, 118 Tex. Cr. R. 146, 38 S. W. (2d) 789, referring to the case of Allen v. State, supra.

We think the testimony in the present instance shows a deliberate and planned robbery by the use of firearms and the putting in fear of his life of Mr. Hardee, the positive identification of relator, and no testimony in any way tending to reduce, excuse, or mitigate the offense. The Legislature has fixed the penalty, the amount thereof being a matter within conscience of the jury. A penalty of death could be inflicted, and we do not feel that it is our duty to say that such would not be deserved under the testimony here presented.

The judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In considering the appellant's motion for rehearing we have made extensive research of the decisions of the courts in this and in other jurisdictions in an effort to determine, if possible, whether or not expression could be given to a rule applicable to the case now before us and which would be a guide to district judges in similar situations. It is our conclusion that much power is lodged in the district judge who hears the facts, even

though this Court must pass upon the same facts in determining the rights of the party seeking bail under our constitution. This is a right safeguarded as strongly by our Federal Constitution as any other enumerated in the Bill of Rights. Our State Constitution on this question has been drawn with respect to the provisions of the Federal Constitution. The legislature has at no time passed any laws directly or indirectly on the subject to which we can point as a guidepost. While it is provided that one convicted of a felony and given a penalty of more than fifteen years may not be released on bail pending appeal, we find nothing in this provision to aid us in a case prior to conviction. We might view the facts and circumstances of a case to be such as would give assurance that the accused will be convicted and that his punishment will exceed fifteen years, but we cannot say that accused would foresee this. The hope that springs eternal in the human breast sustains the criminal in his darkest hour, in like manner as it does the afflicted and the bereft. The likelihood of such person forfeiting his bond after conviction is quite different from that before conviction.

The expressions of the original opinion are in accord with good reasoning and it is not to be understood as relying solely on the nature of the offense charged but on the facts and circumstances indicated by the evidence in the case. We cannot say that because one is charged with an offense for which death may be inflicted as the penalty that he is not entitled to bond. Neither can we agree with the full implication which might be given to the Vermillion case, supra, that bond must be granted in every case of robbery with firearms unless blood has been shed. It is quite possible that all of the planned circumstances of the case and the execution of the plans might be of such a dastardly nature as to make it perfectly apparent that any dispassionate jury would likely inflict the death penalty. If so, bond should not be granted. The circumstances of such cases cover a field so varied that it is practically impossible, if not altogether so, to state a rule for the guidance of the court which would be more helpful than harmful. We find ourselves in this case, as has been frequently true, reaching the conclusion that we can only take the sum total of all the evidence found in the record and decide the question now before us on the merits of this case, with a full consciousness of the fact that we have not been able to find another exactly like it. Though there are many with similar circumstances, a slight variance may make the difference. We must respect precedents of the courts in the years past on this question, because we have no other guide to direct us.

The original opinion might be in error in its reference to the Allen case and its effect on previous decisions. However, the writer has reviewed the statement of facts and all of the questions presented in that case, for whatever purpose it may serve us here, and it appears that it is just one of those cases in which a death penalty was assessed, while many others are found in the books, for a similar offense and with much more aggravated circumstances, where the penalties have been a great deal lighter. This is true both before and after the decision in the Allen case was reported in the books. The writer doubts that it should have any effect on the question of granting bail.

Much as we agree with the expressions in the original opinion, we do not think that a rule should be made whereby bond should be denied because of the charge laid in the indictment. We agree with the thought that one may not be entitled to bond in every case where no injury was inflicted. The circumstances of the case may be such as to support a refusal to grant bail independent of the question of injury.

It is our conclusion, under the facts here presented, that bail should be granted and we accordingly grant appellant's motion for rehearing and now reverse the judgment of the trial court denying bail, and direct that appellant be released upon giving a bond, with good and sufficient sureties, in the sum of $25,000.