WR-83,402-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 10:12:42 AM
Accepted 6/8/2015 8:14:11 AM
ABEL ACOSTA
CLERK

No. _____

IN THE COURT OF CRIMINAL APPEALS

# In Re

# Noe Adame and Gilbert M. Zamora,

## *Relators, et al.*

## PETITION FOR WRIT OF MANDAMUS

Concerning the Prompt and Efficient Administration
of Criminal Justice for 144 Persons Entitled to Bond Hearings

KEITH S. HAMPTON
Attorney at Law
1103 Nueces Street
Austin, Texas  78701
(512) 476-8484 (o)
(512) 477-3580 (f)
(512) 762-6170 (c)
keithshampton@gmail.com
State Bar No. 08873230

WALTER M. 'SKIP' REAVES JR.
Attorney at Law
100 N. 6th St., Suite 802
Waco, Texas  76701
254-296-0020 (o)
877-726-4411 (f)
walterreaves@att.net
State Bar No. 16644200

*PETITIONERS AND ATTORNEYS FOR RELATORS*

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 52.2, Texas Rules of Appellate Procedure, a complete list of the names of all parties to this original appellate action seeking extraordinary relief and counsel are as follows:

**Relators and Real Parties in Interest:** Noe Adame — Dallas[1]; William Chance Aikin — Talco; Ray Arnold Allen — Krum; John O. Arnold — Bruceville; Ronald Noel Atterbury — Gatesville; Colter Bajovich — Gatesville; Owen Matthew Bartlett — Waco; Michael Don Baxley — Cisco; Timothy Todd Bayless — Mexia; Richard Benavides — San Antonio; Burton George Bergman — Balch Springs; Ronnie Carl Bishop — Cisco; Mitchell W. Bradford — Gordon; Brian Joseph Brincks — Lewisville; Robert Clinton Bucy — Midlothian; Salvador Berber Campos — Rowlett; Richard Cantu Jr. — San Antonio; Kenneth Robert Carlisle — Schertz; Aaron Baker Carpenter — Gatesville; Christopher Jacob Carrizal — Dallas; Jason L. Cavazos — Arp; Rene Cavazos — Carrollton; Nathan Champeau — McKinney; Michael E. Chaney — Fort Worth; Lindell Floyd Copeland — San Antonio; Roy James Covey — Clifton; Ryan William Craft — Austin; Richard Dauley — San Antonio; James Albert David Jr. — Mansfield; Dalton R. Davis — Bowie; Marco J. Dejong — Marion; James Michael Devoll — Fort Worth; Jason Alan Dillard — Winona; Richard Rudy Donias — San Antonio; Christopher Daniel Eaton — Seagoville; Brian Clark Eickenhorst — Hewitt; James Brent Ensey — Fort Worth; Nate Christian Anders Farish — Bedford; Matthew Ryan Folse — Dallas; Don Edward Fowler — Maypearl; Lawrence Garcia — San Antonio; Lance Alan Geneva — Cedar Hill; Mario Alberto Gonzalez Jr. — San Antonio; James Laray Gray — Tyler; Nathan Clark Grindstaff — Blum; Valdemar Guajardo Jr. — Red Oak; John Guerrero — San Antonio; Bryan Tackitt Harper — Waco; Raymond Clifton Hawes III — Waco; Michael Scott Herring — Dallas; Tommy Keith Jennings — North Richland Hills; Daniel Carol Johnson — Bellmead; Edgar E. Kelleher — Gordon; Laurence Wayne Kemp — Bogata; Michael Ray Kenes — Fort Worth; Richard Martin Kreder — Waco; Thomas Paul Landers — Georgetown; Cody Keith Ledbetter

---

[1] Petitioner notes the hometowns of relators to underscore why this petition is of statewide concern.

— Waco; Jarrod D. Lehman — Midlothian; Martin DC Lewis — San Antonio; Brian Dwight Logan — Midlothian; Narciso Luna Jr. — New Braunfels; Richard Olen Luther — Garland; Noble C. Mallard — Mesqie; Josh Logan Martin — Pittsburg; Terry Scott Martin — Princeton; John Anthony Martinez — San Antonio; Joseph P. Matthews — Mingus; Wesley A. Mcalister — Gilmer; Dustin James McCann — Haltom City; Billy Jason Mcree — Seagoville; Tom Modesto Mendez — San Antonio; Rudy T. Mercado — Fort Worth; Marshall Mitchell — Longview; Juventino Hernandez Montellano — San Antonio; Michael Doyle Moore — Fort Worth; Jason Jesse Moreno — San Antonio; John David Moya — Gatesville; Eliodoro Munguia Jr. — Del Valle; Doss Barron Murphy — Cedar Hill; Robert Leon Nichols — Hewitt; Dusty Alan Oehlert — Hudson Oaks; Jeremy Conn Ojeda — Waco; Joseph Ortiz — San Antonio; Anthony Shane Palmer — Longview; Melvin Michael Pattenaude — Eastland; Julie Elaine Perkins — Somerville; Daniel Pesina — San Antonio; Ares Ryan Phoinix — Austin; Marcus Ryan Pilkington — Mexia; Larry E. Pina — San Antonio; Jerry Lee Pollard — New Braunfels; Jimmy Lee Pond — Austin; Andres Richard Ramirez — San Antonio; Kevin Gene Rash — Waco; David Stephen Rasor — Justin; William Brent Redding — Austin; Clayton Dewayne Reed — Burleson; Jacob C. Reese — Mount Pleasant; Owen Lee Reeves — Bruceville; Rolando Reyes — Killeen; Sergio Reyes — Dallas; Kristoffer Lance Rhyne — Axtell; Robert Liewellyn Robertson — Fort Worth; Craig E. Rodahl — Waco; Christopher Ryan Rogers — Longview; George Earl Rogers — Longview; James Rosas — Selma; Gregory Salazar — San Antonio; Jorge Daniel Salinas — Lometa; Bobby Joe Samford — Rockdale; Phillip Sampson — Longview; Andrew M. Sandoval — San Antonio; Timothy Shayne Satterwhite — Gordon; Trey Alston Short — Temple; Kyle Smith — Kilgore; Phillip Mason Smith — Manchaca; Seth A. Smith — Waco; Seth Tyler Smith — Round Rock; James Edward Stallings — Corsicana; Andrew Raymond Stroer — San Antonio; Blake Scott Taylor — Lewisville; Michael Glenn Thomas — Mesquite; Christian A. Valencia — Midlothian; Royce R. Vanvleck — San Antonio; James Albert Venable Jr. — Mat; John Phillip Vensel — Wylie; Glenn Allen Walker — Copperas Cove; Steven Walker — Dime Box; Ronald Warren — Sand Springs, Okla.; Reginald Weathers — Forney; Ester Sandy Weaver — Killeen; Walter Thomas Weaver — Killeen; Mark Allen White — Hewitt; John Samuel Wiley — Whitney; Jacob Ryan Wilson — Hewitt; John Robert Wilson — Waco; Gregory Wayne Wingo — Irving; Michael Garrett Woods — Nolanville; Ricky Wayne Wycough — Richardson; Lawerence Raymond Yager — Buda; Gage Andrew Yarborough — Waco; Matthew Yocum — Kyle; Gilbert M. Zamora — Leander

**Respondent:** Honorable Billy Ray Stubblefield
Presiding Judge of the Third Administrative Region
405 Martin Luther King, Box 9
Georgetown, Texas 78626

**Petitioners:** Keith S. Hampton
1103 Nueces Street
Austin, Texas 78701

Walter M. 'Skip' Reaves Jr.
100 N. 6th St., Suite 802
Waco, Texas  76701

# TABLE OF CONTENTS

Names of All Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

List of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Restraint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Issue Presented:** Respondent should be compelled to provide the "prompt and efficient administration of justice" as required by the Government Code for 144 prisoners in the McLennan County Jail by assigning judges to conduct bond hearings "without delay," as guaranteed by chapter 11 of the Code of Criminal Procedure.. 2

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certification of Factual Statements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service and Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Appendix. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     Sample Complaint

     Sample Bond

# LIST OF AUTHORITIES

**CASES** **PAGE**

*Ex parte Mathews*, 151 Tex.Crim. 60, 204 S.W.2d 992 (1947). . . . . . . . . . . . . . . 3

*Ex parte Sellers*, 516 S.W.2d 665 (Tex.Crim.App. 1974). . . . . . . . . . . . . . . . . . 3

*In re Bonilla*, 424 S.W.3d 528 (Tex.Crim.App. 2014). . . . . . . . . . . . . . . . . . . . 5

*In re State ex rel. Weeks*, 391 S.W.3d 117 (Tex.Crim.App. 2013). . . . . . . . . . . . . 5

*Rosales v. State*, 841 S.W.2d 368 (Tex.Crim.App. 1992). . . . . . . . . . . . . . . . . . 5

*Stack v. Boyle*, 342 U.S. 1 (1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

## CONSTITUTIONAL PROVISIONS, STATUTES AND RULES OF APPELLATE PROCEDURE

U.S. Const. amend VIII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Const. art. I §11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Const. art. V, Sec. 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Const. art. V, Sec. 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Code Crim. Proc. art. 4.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Code Crim. Proc. art. 11.15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Tex. Gov't Code §74.021. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Gov't Code §74.056. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Gov't Code §74.057. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. Proc. 25.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. Proc. 52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. Proc. 72. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Comes now Noe Adame and Gilbert M. Zamora, Relators, *et al.*, and pursuant to Rules 52 and 72 of the Texas Rules of Appellate Procedure, files this *Petition for Writ of Mandamus* to compel Honorable Presiding Judge Billy Ray Stubblefield to fulfill his duty to ensure the prompt and efficient administration of justice by assigning judges to conduct bond hearings for the scores of people imprisoned on fill-in-the-blank complaints and million dollar bonds.

## STATEMENT OF THE CASE

On May 17, 2015, 144 Relators became the subjects of mass arrests following a shooting in Waco, charged with engaging in organized criminal activity. Justice of the Peace Walter H. "Pete" Peterson set each Relator's bond at one million dollars. To date, only 25 people have been released and even fewer have been afforded bond hearings. 144 people remain in the McClennan County Jail.

McClennan County has five district courts. Respondent is the presiding judge of the administrative region with authority to assign judges. The administrative region has 26 counties, each with at least one district court, and includes Bell, Hays, Comal, Williamson and Travis counties.

1

RESTRAINT

Relators are incarcerated in the McClennan County Jail and therefore restrained in their liberty.

STATEMENT OF JURISDICTION

This Court has jurisdiction to issue writs of mandamus and habeas corpus in this cause under Article 5, § 5(c) of the Texas Constitution, Article 4.04 of the Code of Criminal Procedure, and Rule 72 of the Texas Rules of Appellate Procedure.

Respondent is the presiding judge of an administrative region which includes McClennan County, which is within the jurisdiction of the Tenth Court of Appeals. However, Respondent resides in Williamson County, which is within the jurisdiction of the Third Court of Appeals. Consequently, only this Court has the jurisdiction to issue writs of mandamus and habeas corpus.

ISSUE PRESENTED

Respondent should be compelled to provide the "prompt and efficient administration of justice" as required by the Government Code for 144 prisoners in the McClennan County Jail by assigning judges to conduct bond hearings "without delay," as guaranteed by chapter 11 of the Code of Criminal Procedure.

2

## ARGUMENT

Article I, §11 of the Texas Constitution declares, "All prisoners shall be bailable[.]" *See also* U.S. Const. amend VIII; Tex. Code Crim. Proc. art. 1.07. Bond is not to be so used as to make it an instrument of oppression. *Ex parte Mathews*, 151 Tex.Crim. 60, 204 S.W.2d 992 (1947). Each Relator in this petition is entitled to a hearing on the issue of bond and release. *Ex parte Sellers*, 516 S.W.2d 665 (Tex.Crim.App. 1974).

The Supreme Court of the United States has stressed the importance of bond:

> This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.
>
> ***
>
> The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. On the contrary, the spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense.

*Stack v. Boyle*, 342 U.S. 1, 4-5, 7-8 (1951)(citations omitted).

The writ of habeas corpus is the central legal mechanism through which the right to bail is enforced. *See generally* Tex. Code Crim. Pro. chapter 11. Article

3

11.15 of the Code of Criminal Procedure declares that "[t]he writ of habeas corpus shall be granted without delay [.]" Anyone may petition for a writ, and judges appear to be statutorily encouraged to determine the legality of a prisoner's confinement. *Id*.

This Court has recognized the "prompt and efficient administration of justice" as a valued interest of the judicial branch of government. *See, e.g., Rosales v. State*, 841 S.W.2d 368 (Tex.Crim.App. 1992)(interest in promptness and efficiency may even overcome constitutional rights). This general interest is aided by provisions in the Government Code intended to ensure promptness and efficiency. Specifically, Section 74.056 of the Government Code provides that the presiding judge "shall assign the judges of the administrative region" to "dispose of accumulated business" and "furnish judges to aid in the disposition of litigation." This duty is in service to the judiciary's broad goal of ensuring the prompt and efficient administration of justice. Tex. Gov't Code, § 74.057. Here, this duty also fulfills the promise that writs be issued "without delay." Tex. Code Crim. Pro. Art. 11.15.

Approximately 175 people were arrested on May 17th. 144 people remain incarcerated. The "business" of the local judiciary instantly "accumulated" on that date. The earliest bond hearing is scheduled for June 16th. In light of the fact that McClennan County has only five district courts, more judges are needed to afford the accused persons their bond hearings promptly and without delay.

4

Relators are entitled to mandamus relief if they seek to compel a ministerial act and have no adequate remedy at law to do so. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex.Crim.App. 2014). "[T]he ministerial-act requirement, is satisfied if the relator can show a clear right to the relief sought. A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013)(citations omitted).

Respondent has a duty to assign the judges of his administrative region to the task of conducting bond hearings. Under the circumstances, the interests of promptness and efficiency cannot be achieved unless this duty is enforced. At the current speed of bond hearings, scores of people will never even be reached for potentially weeks or months. Without enforcement, one of the central promises of the criminal justice system will fail, the glittering statutory guarantees made false, and a fundamental constitutional right will be rendered meaningless.

Relators have no remedy at all except for a mandamus action in this Court. The Texas Supreme Court "is responsible for the orderly and efficient administration of justice." Tex. Gov't Code §74.021. However, this Court has exclusive jurisdiction of criminal law matters. Tex. Const. art. V, § 3. Bond hearings for persons arrested

5

on criminal accusation plainly constitute "criminal law matters." Thus, mandamus through this Court is the only available recourse for the 144 people still languishing in the McClennan County Jail.

It is a matter of general history that authoritarian regimes routinely round up masses of people and imprison them, the fate of each prisoner determined according to the convenience and whim of a governmental functionary. In sharp contrast, our system of laws provides for the swift relief for bondable prisoners. Expeditious attention to this urgent petition will demonstrate the superiority of our judicial system and its promise to provide prompt and fair administration of justice.

The Texas judiciary stands faced with the reality that 144 presumably innocent people are imprisoned with little or no hope of individual hearings any time in the near future regarding their release. This situation should be regarded as intolerable and a remedy ought to issue speedily. This petition is filed out of frustration with the glacial response to this unusual event and the failure of the judiciary to meet its fundamental duty of administrating justice promptly, efficiently and fairly. Petitioners hope that this Court will exercise its jurisdiction, order the presiding judge to assign judges to these cases, and thereby accord each Relator the prompt hearing our laws entitle him.

PRAYER

WHEREFORE, Relators pray this Court grant this petition and issue a writ of mandamus ordering Respondent to immediately assign judges within the third administrative region to conduct bond hearings for Relators without delay and with the sort of promptness and efficiency the judicial branch of government prides itself.

Respectfully submitted,

_____
KEITH HAMPTON
Attorney at Law
1103 Nueces Street
Austin, Texas 78701
512-476-8484 (o)
512-762-6170 (c)
512-477-3580 (f)
keithshampton@gmail.com
State Bar No. 08873230

WALTER M. 'SKIP' REAVES JR.
100 N. 6th St., Suite 802
Waco, Texas  76701
254-296-0020 (o)
877-726-4411 (f)
walterreaves@att.net
State Bar No. 16644200

*PETITIONERS AND ATTORNEYS FOR RELATORS*

7

## CERTIFICATION OF FACTUAL STATEMENTS

I, Keith S. Hampton, hereby certify that every factual statement contained within this petition is supported by competent evidence included in the record or appendix.

_____
Keith S. Hampton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has. been delivered to the following parties and interested persons: electronically to presidingjudge3@wilco.org.

_____
KEITH S. HAMPTON

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition contains 969 words and complies with Rule 9.4 of the Texas Rules of Appellate Procedure.

_____
KEITH S. HAMPTON

## APPENDIX

Sample Complaint

Sample Bond

No. **051715 - 141**

THE STATE OF TEXAS
VS. Brian Clark Eickenhorst

R/S: W/m DOB: 10/25/86
_____ Case # 15-9146

**WARRANT**
FOR: Brian Clark Eickenhorst

Issued on the 18TH day of MAY, 20 15
W. H. (PETE) PETERSON
JUSTICE OF THE PEACE
PRECINCT 1, PLACE 2, McLennan County, Texas

FINE.  Money Order/Cashiers Check ONLY.
Bond to be set at Arraignment by Magistrate

Came to hand on the 18 day of May, 20 15

and executed on the 18 day of May, 20 15

By arresting the within named defendant and

_____

placing in jail

BY Steve Smith

FEES: ARREST _____ MILEAGE _____

BOND 1,000,000.00 COMMITMENT _____

RELEASE _____

TOTAL _____

**THE STATE OF TEXAS**
To any sheriff or any other Peace Officer of Texas --- Greeting:

WHEREAS, complaint in writing has been filed before the undersigned Justice of the Peace, in and for **PRECINCT 1, PLACE 2** of said County on the oath of Manuel Chavez that Brian Clark Eickenhorst the said County and State, on or about the 19th day of May, 20 15 did then and there unlawfully commit the offense of

Engaging in Organized Criminal Activity -F1

YOU ARE HEREBY COMMANDED to take the body of said Brian Clark Eickenhorst forthwith, and bring him/her before said Justice of the Peace, at the Court House in WACO, in said County, then and there to answer the aforesaid complaint, and to be further dealt with according to law.

HEREIN FAIL NOT, but have you then and there this Warrant with your endorsement thereon, showing how you have executed the same.

GIVEN UNDER my official hand, this 18TH day of MAY A.D. 20 15.

W. H. (PETE) PETERSON
JUSTICE OF THE PEACE, PRECINCT 1, PLACE 2
McLennan County, Texas

No. 051715 - 141

THE STATE OF TEXAS
VS. Brian Clark Eickenhurst

R/S: W/m DOB: 10 25 86
_____ Case # 15-9146

**WARRANT**
FOR: Brian Clark Eickenhurst

Issued on the 18TH day of MAY, 20 15
W. H. (PETE) PETERSON
JUSTICE OF THE PEACE
PRECINCT 1, PLACE 2, McLennan County, Texas

FINE. Money Order/Cashiers Check ONLY.
Bond to be set at Arraignment by Magistrate

Came to hand on the 18 day of may, 20 15

and executed on the 18 day of may, 20 15

By arresting the within named defendant and

_____

placing in jail

BY _Steve Smith_

FEES: ARREST _____ MILEAGE _____

BOND 1,000,000.00 COMMITMENT _____

RELEASE _____

TOTAL _____

**THE STATE OF TEXAS**
**To any sheriff or any other Peace Officer of Texas --- Greeting:**

WHEREAS, complaint in writing has been filed before the undersigned Justice of the Peace, in and for **PRECINCT 1, PLACE 2** of said County on the oath of Manuel Chavez that Brian Clark Eickenhurst in the said County and State, on or about the 18th day of May, 20 15 did then and there unlawfully commit the offense of

Engaging in Organized Criminal Activity -F1

YOU ARE HEREBY COMMANDED to take the body of said Brian Clark Eickenhurst forthwith, and bring him/her before said Justice of the Peace, at the Court House in WACO, in said County, then and there to answer the aforesaid complaint, and to be further dealt with according to law.

HEREIN FAIL NOT, but have you then and there this Warrant with your endorsement thereon, showing how you have executed the same.

GIVEN UNDER my official hand, this 18TH day of _MAY_ A.D. 20 15.

W. H. (PETE) PETERSON
JUSTICE OF THE PEACE, PRECINCT 1, PLACE 2
McLennan County, Texas

THE STATE OF TEXAS      §      DOCKET # _____

§

COUNTY OF MCLENNAN      §      COURT: JP COURT PRECINCT 1 PLACE 2

## COMPLAINT
{Articles 15.04 & 15.05, Texas Code of Criminal Procedure}

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED THE AFFIANT HEREIN, A PEACE OFFICER UNDER THE LAWS OF TEXAS, WHO, BEING DULY SWORN, ON OATH MADE THE FOLLOWING STATEMENTS AND ACCUSATIONS:

My name is MANUEL CHAVEZ and I am commissioned as a peace officer with the City of Waco by The State of Texas. I hereby state upon my oath that I have reason to believe and do believe that heretofore, and before the making and filing of this Complaint, that on or about May 17, 2015, in McLennan County, Texas, the said *Eickenhorst, Brian Clark 10-2586* W/M did then and there, as a member of a criminal street gang, commit or conspire to commit murder, capital murder, or aggravated assault, against the laws of the State.

My probable cause for said belief and accusation is as follows:

Three or more members and associates of the Cossacks Motorcycle Club (Cossacks) were in the parking lot of the Twin Peaks restaurant in Waco, McLennan County Texas. Three or more members and associates of the Bandidos Motorcycle Club (Bandidos) arrived in the parking lot of the Twin Peaks restaurant and engaged in an altercation with the members and associates of the Cossacks. During the course of the altercation, members and associates of the Cossacks and Bandidos brandished and used firearms, knives or other unknown edged weapons, batons, clubs, brass knuckles, and other weapons. The weapons were used to threaten and/or assault the opposing factions. Cossacks and Bandidos discharged firearms at one another. Members of the Waco Police Department attempted to stop the altercation and were fired upon by Bandidos and/or Cossacks. Waco Police Officers returned fire, striking multiple gang members. During the exchange of gunfire, multiple persons where shot. Nine people died as a result of the shooting between the members of the biker gangs. Multiple other people were injured as a result of the altercation. The members and associates of the Cossacks and Bandidos were wearing common identifying distinctive signs or symbols and/or had an identifiable leadership and/or continuously or regularly associate in the commission of criminal activities. The Texas Department of Public Safety maintains a database containing information identifying the Cossacks and their associates as a criminal street gang and the Bandidos and their associates as a criminal street gang.

After the altercation, the subject was apprehended at the scene, while wearing common identifying distinctive signs or symbols or had an identifiable leadership or continuously or regularly associate in the commission of criminal activities.

After the altercation, firearms, knives or other unknown edged weapons, batons, clubs, brass knuckles, and other weapons were recovered from members and associates of both criminal street gangs.

Multiple motorcycles with common identifying signs or symbols of the Cossacks and Bandidos and their associates were recovered at the scene. Additional weapons including: firearms, ammunition, knives, brass knuckles, and other weapons were found on the motorcycles.

_YMcP Chg 238_
Complainant

SWORN TO AND SUBSCRIBED BEFORE ME BY SAID AFFIANT/COMPLAINANT ON THIS THE _18th_ DAY OF _MAY_, _2015_.

_W. H. Peters_
JUSTICE OF THE PEACE
MCLENNAN COUNTY, TEXAS