ACCEPTED
14-15-00620-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 8:04:11 PM
CHRISTOPHER PRINE
CLERK

14-15-00619-CR
14-15-00620-CR

In the Fourteenth Court of Appeals of Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 8:04:11 PM
CHRISTOPHER A. PRINE
Clerk

Larry Flores, Appellant

v.

The State of Texas, Appellee

On Appeal from Cause No.'s 1473497 and 1473498
in the 337th District Court of Harris County

## BRIEF FOR APPELLANT

Oral Argument Requested       Clint Davidson, Counsel for Appellant
                              Texas Bar No. 24053172
                              clintdavidsonlawyer@gmail.com
                              3303 Main St., Suite 305
                              Houston, TX  77002
                              Tel: 713-226-7727
                              Fax: 713-529-4888

1

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Larry Flores
SPN: 00740424
Harris County Jail
701 North San Jacinto
Houston, TX  77002

**Defense Counsel in Trial Court and Counsel on Appeal**

Clint Davidson
Attorney at Law
3303 Main St., Suite 305
Houston, TX  77002

**State's Counsel in Trial Court**

Chelsi Honeycutt
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin St.
Houston, TX 7002

**Judge Presiding**

The Honorable Renee Magee
337th District Court
1201 Franklin St., 15th Floor
Houston, TX 77002

**State's Counsel on Appeal**

Allan Curry
Chief Prosecutor Appellate Division
Harris County District Attorney's Office
1201 Franklin St., Suite 600
Houston, TX  77002

# TABLE OF CONTENTS

Identity of Parties and Counsel....................................................................2

Table of Contents.....................................................................................3

Index of Authorities................................................................................4

Note to the Appendix................................................................................6

Statement of the Case                                                                7

Appellant's Points of Error.......................................................................7

1.  Appellant's bail is excessive and is in violation of Articles 1.07, 1.09, and 17.15 of the Texas Code of Criminal Procedure.

2.  Appellant's bail is excessive and is in violation Article I, Section 11 and Section 13 of the Texas Constitution.

3.  Appellant's bail is excessive and is in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Statement of Facts..................................................................................8

Summary of the Argument.......................................................................11

Argument.............................................................................................12

Conclusion and Prayer............................................................................17

Certificate of Compliance........................................................................17

Certificate of Service.............................................................................18

Appendix

# INDEX OF AUTHORITIES

CASES

*Ex parte Bogia,* 56 S.W.3d 835, 840 (Tex. App.-Houston [1st Dist.] 2001, no pet.) …......................................................................................16

*Ex Parte Brown,* 959 S.W.2d 369 (Tex. App.-Fort Worth 1998, no pet.).......15

*Ex parte Castellanos,* 420 S.W.3d 878, 882 (Tex. App.-Houston [14th Dist.] 2014, no pet.).....................................................................14

*Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); …...........................................................................14

*Ex parte Mathews,* 151 Tex.Crim. 60, 204 S.W.2d 992 (1947).......................14

*Ex parte McDonald,* 852 S.W.2d 730, 733-35 (Tex.App.-San Antonio 1993, no pet.) …...............................................................................15

*Ex parte Melartin,* 2015 WL 1544805, (Tex App- Houston [14th Dist.] 2015) …....................................................................................12, 14

*Ex parte Newman,* 38 Tex.Cr.R. 164, 41 S.W. 628 (1897) …..........................................................................................15

*Ex parte Rodriguez,* 595 S.W.2d 549, 550 n.2 (Tex. Crim. App. [Panel Op.] 1980).....................................................................14

*Ex parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App. 1981).........................12, 16

*Ex parte Ruiz*, 129 S.W.3d 751 (Tex. App.-Houston [1st Dist.] 2004, no pet.) …......................................................................12, 16

*Golden v. State*, 288 S.W.3d 516 (Tex. App.-Houston [1st Dist.] 2009, pet. ref'd) …............................................................................12, 15

*Ludwig v. State*, 812 S.W.2d 323 (Tex. Crim. App. 1991)...............................15

*Maldonado v. State* , 999 S.W.2d 9, (Tex.App.-Houston [14th Dist.], 1999)......16

*Montalvo v. State* 315 S.W.3d 588, (Tex. App. - Houston [1st Dist] 2010, no pet.) …...............................................................................................................12, 13

*Stack v. Boyle* 342 U.S. 1, 4 (1951)..............................................................17

CONSTITUTIONAL PROVISIONS

8th and 14th Amendments, United States Constitution.............................7,12

Article I Section 11, Texas Constitution.....................................................7,12

Article I, Section 13, Texas Constitution....................................................7,12

STATUTES

Article, 1.07, Texas Code of Criminal Procedure.........................................7

Article, 1.09, Texas Code of Criminal Procedure.........................................7

Article 17.15, Texas Code of Criminal Procedure....................................7,13

## NOTE TO THE APPENDIX OF THIS BRIEF

The Court is requested to take judicial notice of the items in the Appendix. The Appendix to this brief contains certified copies of the charging instruments in the original trial court cases as well as printed copies of the docket sheets detailing the settings and activities in each case. These materials were obtained from the Harris County District Clerk's Office.

In addition, a copy of the District Courts Bail Schedule for 2014 is included. (http://www.justex.net/BailBondSchedule.aspx)

A letter requesting a supplement to the record that contains these items will be sent to the trial court clerk.

## STATEMENT OF THE CASE

This is an appeal from the Trial Court's denial of two Applications for a Writ of Habeas Corpus Seeking Reduced Bail filed in each of the Defendant's pending cases in the 337th District Court.

The relief sought by the Defendant was denied by the Court after a hearing on July 9th, 2015. (CR 22) Notice of Appeal was filed on July 10, 2015. (CR 19, 22)

Because writ applications were filed in each of the Defendant's cases pending in the 337th District Court, the Court assigned a separate writ number to each case. Cause No. 1438931 was assigned Writ No. 1473497, and is before the 14th Court of Appeals as Case No. 14-15-00619-CR. (CR 1) Cause No. 1455876 was assigned Writ No. 1473498, and is before the 14th Court of Appeals as Case No. 14-15-00620-CR. (CR 1)

## APPELLANT'S POINTS OF ERROR

1. Appellant's bail is excessive and is in violation of Articles 1.07, 1.09, and 17.15 of the Texas Code of Criminal Procedure.

2. Appellant's bail is excessive and is in violation Article I, Section 11 and Section 13 of the Texas Constitution.

3. Appellant's bail is excessive and is in violation of the Eighth and Fourteenth Amendments to the United States Constitution

7

## STATEMENT OF FACTS

On August 23, 2014 Appellant Larry Flores was charged by information with the offense of Unlawful Possession of a Firearm, a third degree felony[1], in Cause No. 1438931, in the 337th District Court of Harris County Texas. (RR 3; *Appendix: Activities, Cause No.* 1438931, pg 1) He appeared in the Trial Court on August 25, 2014, and was ordered to be held without bond. (*Id*.)

On September 24, 2014, the Court set a bond in the amount of $100,000.00. *(Activities* 1438931, pg 2*)* (RR 3) Flores was released on bond on September 26. *(Activities* 143831, pg 1*)*. An indictment in this case was returned on October 13, 2014. *(Appendix,* Indictment 1438931*)*

On January 16, 2015, Flores apparently did not answer the docket call but is shown as present on the Settings record for this case. *(Appendix, Settings 1438931, pg1)*. The Court revoked his bond that day and then reinstated it on January 20th. (RR 4)

On January 27, 2015, Appellant Flores was charged by information with the offense of Possession of a Controlled Substance (Penalty Group 1; 1 to 4 grams) in Cause No. 1455876, also in the 337th District Court (*Appendix, Activities,* 1455876, pg.1*)*.

On January 29, 2015, Flores appeared in the 337th District Court. His

---

1  Texas Penal Code § 46.04; West 2014.

8

bond was revoked in Cause No. 1438931.  The Court entered an order to hold him without bail.  (RR 4-5).  Subsequently, an Indictment was returned in Cause No. 1455876 on March 9, 2015, charging the offense of Possession of a Controlled Substance in Penalty Group 1 in an amount *less than one gram*, a State Jail Felony.  *(Appendix, Indictment 1455876)*.  There are no enhancement paragraphs in this indictment, contrary to the Court's assertion during the Writ Hearing that Appellant Flores had been indicted in 1445876 as an habitual felon. (RR 4)

On April 8, 2015 Appellant Flores had been in custody without bond for 72 days.  The Court set bonds in each case at that time.  The bond in Cause no. 1438931 was doubled and set at $200,000.00.  The bond in Cause No. 1455876 was set at $100,000.00, for an aggregate total of $300,000.00.

On July 9, 2015 a hearing was held in the 337th District Court on Appellant's Application for a Writ of Habeas Corpus Seeking Reduced Bail in each pending case.  (Writ No. 1474397 for Cause No. 1438931, and Writ No. 1474398 for Cause No. 1455876. (RR 3; CR 1, 22)

At the writ hearing, Appellant's sister Angela Castillo was called as a witness by the defense.  Ms. Castillo stated that Appellant Flores was born in Houston, Texas; that there were three other brothers and a sister in the family, and that their parents were deceased.  She lives in the Houston area at 2911

9

Cochran (according to the case records this is Appellant's address of record as well), and that if Appellant were released he would be staying there with her. Ms. Castillo stated that Appellant did not have a passport. (RR 6-8)

With regard to the question of posting a $300,000.00 bond for Appellant, Ms. Castillo stated that neither Appellant or the family have the financial resources or collateral to post a bond in that amount. She also stated that Appellant had previously been employed in the construction industry before he was taken in custody. (RR 8-9)

The State did not call any witnesses at the hearing. The facts of the Appellant's pending cases were not developed. Although during argument the State alleged that Appellant had a number to prior weapons related offenses, no evidence or testimony was offered regarding Appellant's criminal history.

After hearing testimony and argument, the Court entered orders denying relief on each Writ. (RR 19; CR 18) This appeal followed.

## SUMMARY OF THE ARGUMENT

Trial court abused its discretion in refusing lower Appellants bonds and set reasonable bail in each of his cases. A person accused of a crime has a constitutional right to reasonable bail. The right to be free from excessive bail is protected by the United States and Texas Constitutions.

The bonds set by the court in these cases in the sum of $300,000.00 are clearly excessive and the result is that Appellant has been effectively denied bail.

Bail is excessive if it is incommensurate with the offense(s) charged; not consistent with precedent, and clearly beyond the financial means of the defendant.

## ARGUMENT

Trial court abused its discretion in refusing lower Appellants bonds and set reasonable bail in each of his cases. The bonds set by the court in these cases in the sum of $300,000.00 are clearly excessive and the result is that Appellant has been effectively denied bail. This does not fall within the zone of reasonable disagreement. *Montalvo v. State* 315 S.W.3d 588, 592 (Tex. App. - Houston [1st Dist] 2010, no pet.)

A person accused of a crime has a constitutional right to reasonable bail. The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11, 13; *Ex parte Melartin,* 2015 WL 1544805, (Tex App- Houston [14th Dist.] 2015)*.*

The standard of review for a claim that a trial court set excessive bail is to evaluate whether or not the trial court abused its discretion in setting a defendant's bail. *Golden v. State*, 288 S.W.3d 516, 519 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd) *Ex parte Ruiz*, 129 S.W.3d 751, 753 (Tex.App.-Houston [1st Dist.] 2004, no pet.) *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex.Crim.App. 1981);

An abuse-of-discretion review requires more of the appellate court than simply deciding that the trial court did not rule arbitrarily or capriciously. The

appellate court must instead measure the trial court's ruling against the relevant criteria by which the ruling was made. *Montalvo v. State* 315 S.W.3d 588, 592-93 (Tex. App. - Houston [1ˢᵗ Dist] 2010, no pet.);

When setting bail, a court is governed by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Art. 17.15 (West, 2014).

In addition to these rules, case law provides that courts may consider the following set of factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; (7) the aggravating circumstances alleged to have been involved in the charged offense; and (8) whether the defendant is a citizen of the United States. S*ee Ex*

*parte Rodriguez*, 595 S.W.2d 549, 550 n.2 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Castellanos*, 420 S.W.3d 878, 882 (Tex. App.-Houston [14th Dist.] 2014, no pet.); *Ex parte Melartin,* 2015 WL 1544805, (Tex App- Houston [14th Dist.] 2015)*.*

Rather than giving reasonable assurance that the undertaking will be complied with, the bonds set by the court in this case are sufficiently high as to provide more than reasonable assurance that the Appellant will be unable to make bail.  The trial court effectively used bail as an instrument of oppression, irrespective of whatever subjective intentions the court may have had.

Bail is excessive if it is incommensurate with the offense(s) charged; not consistent with precedent, and clearly beyond the financial means of the defendant.  Bail is excessive if it effectively results in the denial of bail by the trial court.  Therefore excessive bail that effectively results in a denial of bail equates to bail being set in an oppressive amount. The conclusion to be drawn given the foregoing, is that if bail is excessive, then it has been used as an instrument of oppression by the trial court.  *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); *Ex parte Mathews*, 151 Tex.Crim. 60, 204 S.W.2d 992 (1947)

The bonds set by the Court are incommensurate with the offenses charged and inconsistent with the bond schedule of the District Courts.

(*http://www.justex.net/BailBondSchedule.aspx* )  Although there are

enhancements that may be proven at trial of the offense, Appellant's firearm

charge remains a third degree felony.  The controlled substance charge is a

state jail felony.  Each arise from separate transactions.  There are no

aggravating factors in either case  Furthermore, Appellant is nonetheless

presumed to be innocent of the charges.  An indictment is neither proof or

evidence.  *Ex parte Newman*, 38 Tex.Cr.R. 164, 41 S.W. 628 (1897).

Very few defendants in criminal cases have the the financial resources and

collateral to post a $300,000.00 bond.  The majority of cases reviewed by

appellate courts where bonds were set in amounts of six figures or even higher

are typically murder cases, charges involving large quantities of controlled

substances, or theft of an exceptionally high pecuniary value.  The charges

against Appellant are scarcely so egregious.  The following cases are cited as

examples:

*Ex Parte Brown,* 959 S.W.2d 369 (Tex. App.-Fort Worth 1998, no pet.)
(Bail in capital murder case set at $500,000.00. Order denying relief affirmed.)

*Ex parte McDonald,* 852 S.W.2d 730 (Tex.App.-San Antonio 1993. no pet.)
(Bail of $1,000,000 imposed on defendant charged with capital murder was
excessive to extent it exceeded $75,000.)

*Ludwig v. State .* 812 S.W.2d 323 (Tex.Crim.App.1991).
(Defendant brought habeas corpus action to reduce $2,000,000 bail set in
capital murder prosecution. Bail reduced to $50,000.00.)

*Golden v. State*, 288 S.W.3d 516 (Tex.App-Houston [1st Dist.] 2009, pet

ref'd)  (Trial court reversed after setting bail at $200,000.00 in each of defendant's two controlled substance cases.)

*Ex parte Ruiz,* 129 S.W.3d 751 (Tex. App. [Houston-1st Dist.] 2004, no pet.)  (Bail set at 1,600,000.00 for possession of a controlled substance (400 grams) reduced to $600,000.00. )

*Maldonado v. State ,* 999 S.W.2d 9, (Tex.App.-Houston [14th Dist.], 1999) (Bail of $2,500,000 in case involving large quantity of cocaine was not excessive. )

*Ex parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App.1981) (Bond of $100,000.00 reduced to $25,000.00 where the defendant was accused of possession and intent to deliver controlled substances.)

*Ex parte Bogia*, 56 S.W.3d 835 (Tex. App.-Houston 1st Dist] 2001, no pet.) (Bail of $360,000 for second degree felony theft was excessive. )

The record of the Writ hearing reflects that the Appellant and his family lack the resources to make bail in the amount set by the Court.  Appellant is a citizen, and a resident of Houston and Harris County, Texas.  He was previously employed in the construction industry,, has sufficient ties to the community, does not posses a passport and is not a flight risk.  (RR  7-9)

The State's argument consisted largely of hyperbole and speculation unsupported by any admitted evidence.  The State did not discuss any of the facts or evidence regarding the Appellant's alleged offenses.  No compelling evidence was offered by the State that Appellant is a flight risk or that there would be any effect on the safety of the community in the event the Appellant was released on lower bail.  (RR 17-18)

16

The traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning. *Stack v. Boyle* 342 U.S. 1, 4 (1951)

## CONCLUSION AND PRAYER

Appellant prays that this Honorable Court will find that Appellant's bonds are excessive and issue an order to the trial court to reduce his bail to $10,000.00 in Writ No. 1473497 (Cause No. 1438931 and $5000.00 in Writ No. 1473498 (Cause No. 1455876)

Respectfully submitted,

/s/ *Clint Davidson*
Clint Davidson,
Counsel for Appellant
TBN: 24053172
3303 Main St., Suite 305
Houston, TX 77002
713-226-7727
clintdavidsonlawyer@gmail.com

17

## CERTIFICATE OF COMPLIANCE

The word processing application used to compose this brief reports its length as 2,024 excluding those parts of the document that are excepted from the calculation of length by TRAP 9.4(i)(1)

_/s/ Clint Davidson_
Clint Davidson

## CERTIFICATE OF SERVICE

This brief was served on the Office of the District Attorney for Harris County, Texas by electronic mail to curry_allan@dao.hctx.net on September 8, 2015

_/s/ Clint Davidson_
Clint Davidson

# APPENDIX

APPELLANT'S BRIEF

CASE NO. 14-15-00619-CR

CASE NO. 14-15-00620-CR

CLINT DAVIDSON,
COUNSEL FOR APPELLANT, LARRY FLORES
TBN: 24053172
3303 MAIN ST., STE 305
HOUSTON, TX  77002
713-226-7727
clintdavidsonlawyer@gmail.com

THE STATE OF TEXAS
VS.

**LARRY FLORES**
**2911 COCHRAN**
**HOUSTON, TX 77009**

SPN: 00740424
DOB: WM 01/14/67
DATE PREPARED: 10/6/2014

D.A. LOG NUMBER:2091852
CJIS TRACKING NO.:9170129428-A001
BY: MA  DA NO: 002197675
AGENCY:HPD
O/R NO: 106501414
ARREST DATE: 08/23/14

NCIC CODE: 5203 03          RELATED CASES: **SHAQUISHA JENKINS (2-F)**

FELONY CHARGE: **FELON IN POSSESSION OF FIREARM**
CAUSE NO: 1438931
HARRIS COUNTY DISTRICT COURT NO: 337
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO:

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **LARRY FLORES**, hereafter styled the Defendant, heretofore on or about **AUGUST 23, 2014**, did then and there unlawfully, intentionally and knowingly possess a firearm at a location other than the premises at which the Defendant lived, after being convicted of the felony offense of POSSESSION OF A CONTROLLED SUBSTANCE in the District Court of the 337TH Judicial District, HARRIS County, Texas, in Cause Number 721424, on SEPTEMBER 17, 1996.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on AUGUST 07, 1996, in Cause Number 8300, in the 155TH DISTRICT COURT of WALLER County, Texas, the Defendant was convicted of the felony of POSSESSION OF A CONTROLLED SUBSTANCE.

Before the commission of the primary offense, and after the conviction in Cause Number 8300 was final, the Defendant committed the felony of FELON IN POSSESSION OF A WEAPON and was finally convicted of that offense on JUNE 03, 2005, in Cause Number 1014327, in the 230TH DISTRICT COURT of HARRIS County, Texas.

FILED
Chris Daniel
District Clerk
OCT 13 2014
Time:
Harris County, Texas
By____ Deputy

**Foreman**                    **209th**

*Carol Ringold*

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

Certified Document Number: 62745772 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 4, 2015

Certified Document Number:        62745772 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

THE STATE OF TEXAS
VS.

**LARRY FLORES**
**2911 COCHRAN**
**HOUSTON, TX 77009**

SPN: 00740424
DOB: WM 01/14/67
DATE PREPARED: 3/6/2015

D.A. LOG NUMBER:2132627
CJIS TRACKING NO.:9170547823-A001
BY: MA DA NO: 001909356
AGENCY:HPD
O/R NO: 011201815
ARREST DATE: 01/27/15

NCIC CODE: **5599 04**

RELATED CASES:

FELONY CHARGE: **Possession of a Controlled Substance**
CAUSE NO: **1455876**
HARRIS COUNTY DISTRICT COURT NO: **337**
FIRST SETTING DATE:

BAIL: **$NO BOND**
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **LARRY FLORES**, hereafter styled the Defendant, heretofore on or about **JANUARY 27, 2015**, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing less than one gram by aggregate weight, including any adulterants and dilutants.

**FILED**
Chris Daniel
District Clerk

**MAR 09 2015**
Time: _____ 12:30 _____
Harris County, Texas
By _____ NCO _____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Foreman                                    **262nd**

_____
FOREMAN OF THE GRAND JURY

**INDICTMENT**

Certified Document Number: 64551653 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 4, 2015

Certified Document Number:        64551653 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**HCDistrictclerk.com**   The State of Texas vs. FLORES, LARRY (SPN: 00740424)          9/4/2015

Cause: 143893101010      CDI: 3     Court: 337

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|------|-------|-----------|-------------|--------|---------|-----------|-------------|----------|-------------------------------|
| 8/25/2014 09:00 AM | 337 | | Assigned Court | Preliminary Assigned Court Appearance | Reset By Operation Of Law | Data Unavailable | 9/24/2014 12:00:00 AM | | Present |
| 9/24/2014 09:00 AM | 337 | | Master Docket | Arraignment | Reset By Agreement Of Both Parties | Present | 10/20/2014 12:00:00 AM | | Present |
| 10/20/2014 09:00 AM | 337 | | Master Docket | Arraignment | Reset Upon Defense Request | Present | 12/3/2014 12:00:00 AM | | Present |
| 12/03/2014 09:00 AM | 337 | | Master Docket | Disposition | Reset Upon Defense Request | Present | 1/16/2015 12:00:00 AM | | Present |
| 1/16/2015 09:00 AM | 337 | | Master Docket | Pre-Trial Motions | Bond Revoked Alias Capias Issued | Present | 1/1/0001 12:00:00 AM | | Present |
| 1/20/2015 09:00 AM | 337 | | Master Docket | Pre-Trial Motions | Reset Upon Defense Request | Present | 2/26/2015 12:00:00 AM | | Present |
| 1/29/2015 09:00 AM | 337 | | Master Docket | Pre-Trial Motions | Reset Upon Defense Request | Present | 2/26/2015 12:00:00 AM | | Present |
| 2/26/2015 09:00 AM | 337 | | Master Docket | Pre-Trial Motions | Reset Upon Defense Request | Present | 4/8/2015 12:00:00 AM | | Present |
| 4/08/2015 09:00 AM | 337 | | Master Docket | Pre-Trial Motions | Reset Upon Defense Request | Data Not Entered | 6/15/2015 12:00:00 AM | | Present |
| 7/01/2015 09:00 AM | 337 | | Master Docket | Other | Reset By Agreement Of Both Parties | Data Not Entered | 7/9/2015 12:00:00 AM | | Present |
| 7/09/2015 09:00 AM | 337 | | Master Docket | Other | Reset By Agreement Of Both Parties | Present | 1/1/0001 12:00:00 AM | | Present |

| 7/20/2015 09:00 AM | 337 | Impact Court Docket | Jury Trial | Reset By Court | Data Not Entered | 9/14/2015 12:00:00 AM | Present |
| 9/14/2015 09:00 AM | 337 | Impact Court Docket | Jury Trial | | Data Not Entered | 1/1/0001 12:00:00 AM | Absent |

**HCDistrictclerk.com**    The State of Texas vs. FLORES, LARRY (SPN: 00740424)    9/4/2015

Cause: 143893101010    CDI: 3    Court: 337

## ACTIVITIES

| Date | Type | Description | SNU/CFI |
|------|------|-------------|---------|
| 08/23/2014 | COMPLAINT FILED | 1000 337 FELON POSS WPN LEVEL F3 | |
| 08/23/2014 | BOND SET | $0 | 999 |
| 08/23/2014 | REVIEWED BY | BYROM, CELESTE ELIZABETH | |
| 08/23/2014 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 106501414 | |
| 08/23/2014 | COMPLAINANT | KIM, T H | |
| 01/29/2015 | ACI/REV/B | TIME 1137 AMOUNT $0 | 996 |
| 01/29/2015 | | ACKNOWLEDGED BY SHERIFF | |
| 02/02/2015 | SERVICE ACTIVITY | BY PLACING DEF IN JAIL ON 01/29/15 | |
| 02/02/2015 | | RECEIPTED BY CLERK | |
| 01/29/2015 | ACI/REV/B | TIME 1137 AMOUNT $0 | 997 |
| 01/29/2015 | | ACKNOWLEDGED BY SHERIFF | |
| 02/02/2015 | SERVICE ACTIVITY | BY PLACING DEF IN JAIL ON 01/29/15 | |
| 02/02/2015 | | RECEIPTED BY CLERK | |
| 01/16/2015 | C87AI | TIME 1233 AMOUNT $0 | 998 |
| 01/16/2015 | | ACKNOWLEDGED BY SHERIFF | |
| 01/23/2015 | SERVICE ACTIVITY | BY PLACING DEF IN JAIL ON 01/16/15 | |
| 01/23/2015 | | RECEIPTED BY CLERK | |
| 08/23/2014 | CMIF | TIME 2319 AMOUNT $0 | 999 |
| 08/23/2014 | | NOT ACKNOWLEDGED BY SHERIFF | |
| 09/26/2014 | BOND FILED | CRT 337 TIME 0619 TYPE SURETY | |
| 09/26/2014 | BOND MADE | AMT $100000 DATE 09/25/14 RCPT # | |
| 09/26/2014 | BONDSMAN | AC&CC-COX, MICHAEL | |
| 10/13/2014 | GRAND JURY ACTION | FID 10/13/14 G209 | 999 |
| 10/13/2014 | GRAND JURY ACTION | ROTATION CRT 337 OFF FREQ BND $100000 | |
| 10/13/2014 | GRAND JURY ACTION | OFFENSE FELON POSS WPN LEVEL F3 | |
| 10/13/2014 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 106501414 | |
| 08/25/2014 | ATTORNEY | MCCOY, KENNETH EUGENE | 999 |
| 08/25/2014 | ATTORNEY | AAT COURT 337 CFI 337 | |
| 08/25/2014 | JUDGE | MAGEE, HOLLY RENEE PRESIDING | |
| 04/08/2015 | C87 ACTIVITY | BOND RSD STATUS J CFI 337 | 991 |
| 04/08/2015 | C87 ACTIVITY | BOND RSD STATUS J CFI 337 | 992 |
| 04/08/2015 | C87 ACTIVITY | BOND RSD STATUS J CFI 337 | 993 |
| 04/08/2015 | C87 ACTIVITY | BOND SET STATUS J CFI 337 | 994 |
| 01/29/2015 | C87 ACTIVITY | BOND REV STATUS CFI 337 | 995 |

| | | | |
|---|---|---|---|
| 01/20/2015 | C87 ACTIVITY | BOND REIN STATUS B CFI 337 | 996 |
| 01/16/2015 | C87 ACTIVITY | BOND REV STATUS CFI 337 | 997 |
| 09/24/2014 | C87 ACTIVITY | BOND SET STATUS J CFI 337 | 998 |
| 09/24/2014 | BAIL OPTIONS | JUDGE MAGEE SET BOND AT 100K | |
| 08/23/2014 | C87 ACTIVITY | PCWAR DONE STATUS CFI 337 | 999 |
| 07/20/2015 | MOTIONS | CRT REP FULL RECOR | 981 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | ALLEG GAN AFFIL | 982 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | LIMINE | 983 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | PREV ST NON JURISD | 984 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | ARRG DF OUT JRY PRES | 985 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/17/2015 | MOTIONS | CONTINUANCE | 986 |
| 07/17/2015 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | MOTIONS | CRT OFFICIAL REPT | 987 |
| 07/09/2015 | MOTIONS | FILED CFI 337 | |
| 07/10/2015 | MOTIONS | SUPPRESS EVID STMTS | 988 |
| 07/10/2015 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | MOTIONS | CUMULATE SENTENCE | 989 |
| 07/09/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | ST. M. IN LIMINE | 990 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE XTRN OFF | 991 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE BUSI REC | 992 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | M. TO DISCLOSE EXPER | 993 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE EXP TST | 994 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE GRAP MAT | 995 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 04/06/2015 | MOTIONS | HABEAS CORPUS BAIL | 996 |
| 04/06/2015 | MOTIONS | FILED CFI 337 | |
| 03/31/2015 | MOTIONS | SUB ATTY: C DAVIDSON | 997 |
| 03/31/2015 | MOTIONS | FILED CFI 337 | |
| 08/25/2014 | MOTIONS | DENIAL OF BAIL | 998 |
| 08/25/2014 | MOTIONS | FILED CFI 337 | |

| 08/23/2014 | MOTIONS | REQ APPT ATTY | 999 |
|---|---|---|---|
| 08/23/2014 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | ORDER | DENIED BOND ON WRIT HEARING | 993 |
| 07/09/2015 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 04/08/2015 | ORDER | GRNT WRIT HC BND $200,000 | 994 |
| 04/08/2015 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 04/08/2015 | ORDER | DISCOVERY | 995 |
| 04/08/2015 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 03/31/2015 | ORDER | GRTD SUB ATTY: C DAVIDSON | 996 |
| 03/31/2015 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 01/29/2015 | ORDER | BND COND VIOL RPRT GRNTD | 997 |
| 01/29/2015 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 12/15/2014 | ORDER | ATTORNEY FEE VOUCHER | 998 |
| 12/15/2014 | ORDER | ATTY FEE AMT $375.00 | 998 |
| 12/15/2014 | OFFENSE | FELON POSS WPN LEVEL F3 | |
| 10/20/2014 | ORDER | CSCD PRETRIAL SUPV | 999 |
| 10/20/2014 | OFFENSE | FELON POSS WPN LEVEL F3 | |

**HCDistrictclerk.com**    The State of Texas vs. FLORES, LARRY (SPN: 00740424)                          9/4/2015

Cause: 145587601010          CDI: 3          Court: 337

**SETTINGS**

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|------|-------|-----------|-------------|--------|---------|-----------|-------------|----------|-------------------------------|
| 1/29/2015 09:00 AM | 337 | | Assigned Court | Preliminary Assigned Court Appearance | Reset By Operation Of Law | Present | 2/26/2015 12:00:00 AM | | Present |
| 2/26/2015 09:00 AM | 337 | | Master Docket | Arraignment | Reset By Operation Of Law | Present | 4/8/2015 12:00:00 AM | | Present |
| 4/08/2015 09:00 AM | 337 | | Master Docket | Arraignment | Reset Upon Defense Request | Data Not Entered | 6/15/2015 12:00:00 AM | | Present |
| 7/01/2015 09:00 AM | 337 | | Master Docket | Other | Reset By Agreement Of Both Parties | Data Not Entered | 7/9/2015 12:00:00 AM | | Present |
| 7/09/2015 09:00 AM | 337 | | Master Docket | Other | Researched | Present | 1/1/0001 12:00:00 AM | | Present |
| 7/20/2015 09:00 AM | 337 | | Impact Court Docket | Jury Trial | Reset By Court | Data Not Entered | 9/14/2015 12:00:00 AM | | Present |
| 9/14/2015 09:00 AM | 337 | | Impact Court Docket | Jury Trial | | Data Not Entered | 1/1/0001 12:00:00 AM | | Absent |

| **HCDistrictclerk.com** | The State of Texas vs. FLORES, LARRY (SPN: 00740424) | | | 9/4/2015 |
| --- | --- | --- | --- | --- |
| | Cause: 145587601010 | CDI: 3 | Court: 337 | |

**ACTIVITIES**

| Date | Type | Description | SNU/CFI |
| --- | --- | --- | --- |
| 01/27/2015 | COMPLAINT FILED | 1630 337 POSS CS PG 1 1 - 4 GRA LEVEL F3 | |
| 01/27/2015 | BOND SET | $0 | 999 |
| 01/27/2015 | REVIEWED BY | BROWN, ROBYN ASHLEY | |
| 01/27/2015 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 011201815 | |
| 01/27/2015 | COMPLAINANT | GARCIA-CHAVEZ, O E | |
| 01/28/2015 | CMIF | TIME 0740 AMOUNT $0 | 999 |
| 01/28/2015 | | NOT ACKNOWLEDGED BY SHERIFF | |
| 03/09/2015 | GRAND JURY ACTION | FID 03/09/15 G262 | 999 |
| 03/09/2015 | GRAND JURY ACTION | ROTATION CRT 337 OFF FREQ BND $0 | |
| 03/09/2015 | GRAND JURY ACTION | OFFENSE POSS CS PG 1 <1G LEVEL FS | |
| 03/09/2015 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 011201815 | |
| 04/08/2015 | C87 ACTIVITY | BOND SET STATUS J CFI 337 | 998 |
| 01/28/2015 | C87 ACTIVITY | PCWAR DONE STATUS CFI 337 | 999 |
| 07/20/2015 | MOTIONS | CRT REP FULL RECORD | 983 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | ALLEG GANG AFFIL | 984 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | LIMINE | 985 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/20/2015 | MOTIONS | ARG DF OUT JRY PRES | 986 |
| 07/20/2015 | MOTIONS | FILED CFI 337 | |
| 07/17/2015 | MOTIONS | CONTINUANCE | 987 |
| 07/17/2015 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | MOTIONS | CRT OFFICIAL REPT | 988 |
| 07/09/2015 | MOTIONS | FILED CFI 337 | |
| 07/10/2015 | MOTIONS | SUPPRESS EVID STMTS | 989 |
| 07/10/2015 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | MOTIONS | CUMULATE SENTENCE | 990 |
| 07/09/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | ST. M. IN LIMINE | 991 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE XTRN OFF | 992 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE BUSI REC | 993 |

| | | | |
|---|---|---|---|
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | M. TO DISCL EXPERTS | 994 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE EXP TST | 995 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 05/28/2015 | MOTIONS | NTC INT USE GRAP MAT | 996 |
| 05/28/2015 | MOTIONS | FILED CFI 337 | |
| 04/06/2015 | MOTIONS | SET ASD ORDR/SET BND | 997 |
| 04/06/2015 | MOTIONS | FILED CFI 337 | |
| 03/31/2015 | MOTIONS | SUB ATTY: C DAVIDSON | 998 |
| 03/31/2015 | MOTIONS | FILED CFI 337 | |
| 01/29/2015 | MOTIONS | DENIAL BAIL | 999 |
| 01/29/2015 | MOTIONS | FILED CFI 337 | |
| 07/09/2015 | ORDER | DENIED BOND ON WRIT HEARING | 995 |
| 07/09/2015 | OFFENSE | POSS CS PG 1 <1G LEVEL FS | |
| 04/08/2015 | ORDER | GRNT WRIT HC BND $100,000 | 996 |
| 04/08/2015 | OFFENSE | POSS CS PG 1 <1G LEVEL FS | |
| 04/08/2015 | ORDER | DISCOVERY | 997 |
| 04/08/2015 | OFFENSE | POSS CS PG 1 <1G LEVEL FS | |
| 03/31/2015 | ORDER | GRTD SUB ATTY: C DAVIDSON | 998 |
| 03/31/2015 | OFFENSE | POSS CS PG 1 <1G LEVEL FS | |
| 01/29/2015 | ORDER | GRNT DENIAL BAIL | 999 |
| 01/29/2015 | OFFENSE | POSS CS PG 1 1 - 4 GRAMS LEVEL F3 | |
| 03/09/2015 | PRECEPT/SERVE IND DATE RETURNED 04/28/15 | HOW EXECUTED E | |
| | DATE SERVED | 04/18/15 | |

# District Court Bail Schedule

| Offense | Bail |
|---|---|
| All capital felonies | No Bond |
| All murders not particularly specified below | $50,000.00 |
| All first degree felonies not particularly specified below | $20,000.00 |
| All second degree felonies not particularly specified below | $10,000.00 |
| All felony DWI's not particularly specified below | $10,000.00 |
| All third degree felonies not particularly specified below | $5,000.00 |
| All fourth degree felonies not particularly specified below | $2,000.00 |

| Repeat Offenders | Bail |
|---|---|
| Habitual | No Bond |
| First degree felony with previous conviction | $30,000.00 |
| Second degree felony with previous conviction | $20,000.00 |
| Felony DWI with previous felony DWI conviction | Double bound amount for each previous felony DWI conviction |
| Third degree felony with previous conviction | $10,000.00 |
| Fourth degree (State Jail) felony with previous conviction | $5,000.00 |
| Fourth degree (State Jail) felony with more than one previous conviction | $15,000.00 |

| Defendant on Bail for any Felony Charge with: | Bail |
|---|---|
| Frist degree felony | No Bond |
| Second degree felony | No Bond |
| Third degree felony | No Bond |
| Fourth degree (State Jail) felony | No Bond |

| Particular Situations | Bail |
|---|---|
| Multiple Count | Separate standard bail for each offense in the transaction |
| Person on felony probation for any grade of felony | No Bond |
| Any 3g offense or where deadly weapon alleged | $30,000.00 |
| Person with deportation history or undocumented presence in United States | $35,000.00 |
| Motion to Revoke Probation | No Bond |
| Motion to Adjudicate Guilt | At the Judge's Discretion |
| Large quantities of controlled substance or the quantities of stolen property | Double the value of large controlled substance or property |

| Established: 4/2/79 | | | |
|---|---|---|---|
| Amended: 2/4/82 | | Amended: 9/11/96 | Effective: 9/16/96 |
| Amended: 7/13/94 | Effective: 9/1/94 | Amended: 1/7/98 | Effective: 2/1/98 |
| Amended: 9/7/94 | Effective: 9/8/94 | Amended: 12/6/06 | Effective: 1/1/07 |